**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**NOTICE OF MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY**

**OBJECTION DEADLINE: APRIL 29, 2020**

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Real Goods Solar, Inc. ("Debtor") filed a Motion to Extend Deadline to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property (the "Motion") with the Bankruptcy Court.

Debtor's original business consisted of the sale and installation of solar energy systems. Debtor's primary customers were homeowners and small commercial building owners in the United States. Debtor and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers. Trustee is informed and believes that in some cases, Debtor or its subsidiaries entered into leases for solar panels with its customers. In other cases, Debtor or its subsidiaries financed its customers' purchase and installation of the solar panels. Because of the current COVID-19 pandemic, Trustee has been unable to access all of Debtor's business records to confirm which if any solar leases or sales contracts were executed by Debtor.

In September 2017, Debtor entered into an exclusive domestic and international worldwide Technology License Agreement with Dow Global Technologies LLC ("Dow") pursuant to which Debtor has the exclusive right to manufacture the POWERHOUSE$^{TM}$ in-roof solar shingle and component parts (the "Dow Agreement"). In November of 2018, Debtor received United Laboratories ("UL") certification for the POWERHOUSE$^{TM}$ 3.0 solar shingles as required under the Dow Agreement began to commercialize the solar shingles. Debtor engaged third-party manufacturers, including Risen Energy Co., Ltd., a manufacturer in China ("Risen") and Revere Plastics to manufacture and assemble component parts for the POWERHOUSE$^{TM}$ solar shingle. Debtor's business plan was to sell the POWERHOUSE™ solar shingles to homebuilders and develop a network of authorized roofers.

Trustee believes that the Dow Agreement may not be an executory contract because Dow appears to have complied with its obligations under the Dow Agreement. However, out of an abundance of caution and to the extent it is determined to be executory, Trustee seeks to extend the time to assume or reject the Dow Agreement.

Pursuant to a Master Supply Agreement ("Risen Agreement") between Debtor and Risen, Debtor agreed to purchase the solar laminate, connectors and wire harnesses component parts used to manufacture the POWERHOUSE™ solar shingles exclusively from Risen.

Resin would ship the solar laminates, connectors and wire harnesses to Revere Plastics, a US manufacturer who manufactured the baseplate and assembled the solar shingles. Trustee is informed and believes that the Debtor and Revere Plastics executed a letter of intent which provided that a master supply agreement was to follow, but Trustee is informed and believes that there is no written contract between Debtor and Revere Plastic. The finished goods were shipped to a third-party logistics provider to warehouse and distribute kitted systems for customers.

In the Motion, Trustee seeks a 180-day extension of time through and including September 1, 2020 to assume or reject executory contracts and unexpired leases of personal property. The requested extension will give Trustee time to employ an entity or individual to assist with marketing the estate's interest in the Dow Agreement, the Master Supply Agreement and other Agreements consistent with the estate's rights under the Dow Agreement, and to negotiate the terms of an eventual assignment of the estate's rights under such agreements. In addition, the requested extension will give Trustee time to review Debtor's records and determine if additional contracts or leases may result in value to the estate if assumed or rejected.

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: April 15, 2020                                          Respectfully submitted,

                                                               **ONSAGER | FLETCHER | JOHNSON LLC**

                                                               *s/ Joli A. Lofstedt*
                                                               Joli A. Lofstedt, Esq. #21946
                                                               1801 Broadway, Suite 900
                                                               Denver, Colorado 80202
                                                               Phone: (303) 512-1123
                                                               Fax: (303) 512-1129
                                                               joli@OFJlaw.com

                                                               *Counsel for Jeanne Y. Jagow as*
                                                               *Chapter 7 Trustee*