**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**NOTICE OF TRUSTEE'S MOTION TO ENGAGE AND COMPENSATE
DEBBIE ROMERO AS AN INDEPENDENT CONTRACTOR EFFECTIVE THE
DATE OF THE MOTION**

**OBJECTION DEADLINE: MAY 11, 2020**

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, as chapter 7 Trustee ("Trustee") for the bankruptcy estate of Real Goods Solar, Inc. ("Debtor"), filed Trustee's Motion to Engage and Compensate Debbie Romero as an Independent Contractor Effective the Date of the Motion (the "Motion") with the Bankruptcy Court.

On March 5, 2020, Debtor filed for relief under chapter 7, title 11 of the United States Code. Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of Debtor.

Debtor's original business consisted of the sale and installation of solar energy systems. Debtor's primary customers were homeowners and small commercial building owners in the United States. Debtor and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers. Trustee is informed and believes that, in some cases, Debtor or its subsidiaries entered into leases for solar panels with its customers. In other cases, Debtor or its subsidiaries financed its customers' purchase and installation of the solar panels.

In September 2017, Debtor entered into an exclusive domestic and international world-wide Technology License Agreement with Dow Global Technologies LLC ("Dow") pursuant to which Debtor has the exclusive right to manufacture the POWERHOUSE™ in-roof solar shingle and component parts (the "Dow Agreement"). In November of 2018, Debtor received United Laboratories ("UL") certification for the POWERHOUSE™ 3.0 solar shingles and, as required under the Dow Agreement, began to commercialize the solar shingles. Debtor engaged third-party manufacturers to manufacture and assemble component parts for the POWERHOUSE™ solar shingles. Debtor's business plan was to sell the POWERHOUSE™ solar shingles to homebuilders and develop a network of authorized roofers.

On Schedule A/B, Debtor listed $2,693,015.00 in outstanding accounts receivable owed by its residential and commercial customers (the "Accounts Receivable"). Trustee is seeking to engage a third-party company to assist Trustee in collecting the outstanding Accounts Receivable

and wishes to employ Debbie Romero, an ex-employee of the Debtor, to assist Trustee in locating and downloading the necessary information to pursue collection efforts. Trustee is informed and believes that Debtor was the parent company for wholly-owned subsidiaries. Trustee is seeking financial information for the Debtor and its subsidiaries and believes that Ms. Romero also will be able to assist Trustee in obtaining this necessary information and any other information necessary for Trustee to effectively administer the bankruptcy estate.

Trustee is informed and believes that some of the information is on Debtor's server and some of the information is stored in cloud-based applications. Previously, Trustee filed an application to employ iO Group, LLC to consolidate critical accounting and other data from the cloud providers to the physical servers, take down, back-up, remove and secure necessary electronic information. Therefore, Trustee seeks to hire Ms. Romero pursuant to 11 U.S.C. § 503(b) to work with Trustee and iO Group, LLC to locate and gather the necessary information from the servers, accounting systems and possibly the physical records.

Trustee intends to hire Ms. Romero as an independent contractor at the rate of $50.00 per hour to provide such services for up to a total of 150 hours. Trustee also seeks authority to pay Ms. Romero from time to time for such services up to a maximum of 150 hours.

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: April 20, 2020                             Respectfully submitted,

                                                  **ONSAGER | FLETCHER | JOHNSON LLC**

                                                  *s/ Joli A. Lofstedt*
                                                  Joli A. Lofstedt, Esq. #21946
                                                  1801 Broadway, Suite 900
                                                  Denver, Colorado 80202
                                                  Phone: (303) 512-1123
                                                  Fax: (303) 512-1129
                                                  joli@OFJlaw.com

                                                  *Counsel for Jeanne Y. Jagow as*
                                                  *Chapter 7 Trustee*