**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**NOTICE OF TRUSTEE'S COMBINED MOTION FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO: (1) ENGAGE AND COMPENSATE RECEIVABLES CONTROL CORPORATION EFFECTIVE THE DATE OF THIS MOTION; (2) SETTLE OUTSTANDING ACCOUNTS RECEIVABLE LESS THAN $25,000; AND (3) TAKE SUCH ACTION AS IS NECESSARY TO OBTAIN SUBSIDIARY APPROVAL CONSISTENT HEREWITH**

**OBJECTION DEADLINE: MAY 11, 2020**

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, as chapter 7 Trustee ("Trustee") for the bankruptcy estate of Real Goods Solar, Inc. ("Debtor"), filed Trustee's Combined Motion for Entry of Order Authorizing Trustee to: (1) Employ and Compensate Receivables Control Corporation Effective the Date of this Motion; (2) Settle Outstanding Accounts Receivable less than $25,000; and (3) Take Such Action as is Necessary to Obtain Subsidiary Approval Consistent Herewith (the "Motion") with the Bankruptcy Court.

On March 5, 2020, Debtor filed for relief under chapter 7, title 11 of the United States Code. Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of Debtor.

Debtor's original business consisted of the sale and installation of solar energy systems. Debtor's primary customers were homeowners and small commercial building owners in the United States. Debtor and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers. Trustee is informed and believes that, in some cases, Debtor or its subsidiaries entered into leases for solar panels with its customers. In other cases, Debtor or its subsidiaries financed its customers' purchase and installation of the solar panels.

In September 2017, Debtor entered into an exclusive domestic and international world-wide Technology License Agreement with Dow Global Technologies LLC ("Dow") pursuant to which Debtor has the exclusive right to manufacture the POWERHOUSE$^{TM}$ in-roof solar shingle and component parts (the "Dow Agreement"). In November of 2018, Debtor received United Laboratories ("UL") certification for the POWERHOUSE$^{TM}$ 3.0 solar shingles and, as required under the Dow Agreement, began to commercialize the solar shingles. Debtor engaged third-party manufacturers to manufacture and assemble component parts for the POWERHOUSE$^{TM}$ solar

shingles. Debtor's business plan was to sell the POWERHOUSE™ solar shingles to homebuilders and develop a network of authorized roofers.

On Schedule A/B, Debtor listed $2,693,015.00 in outstanding accounts receivable owed by its residential and commercial customers (the "Accounts Receivable"). Trustee is informed and believes that a portion of the Accounts Receivable may be owned by wholly-owned subsidiary or subsidiaries of the Debtor. Trustee is further informed and believes that all of Debtor's subsidiaries ceased operating on the Petition Date and that any subsidiary that may own a portion of the Accounts Receivable have value to the estate if able to collect on its Accounts Receivable.

Under 11 U.S.C. § 704, Trustee is charged with collecting and reducing to money the property of the bankruptcy estate. Therefore, Trustee intends to pursue collection of the Accounts Receivable. Simultaneously, herewith, Trustee is filing a motion to retain as an independent contractor, one of Debtor's former employees, to assist in document and data collection relating to the Accounts Receivable and other matters related to Debtor's and the subsidiaries' businesses. In addition, Trustee desires to employ Receivables Control Corporation ("RCC") to assist Trustee in pursuing and collecting the Accounts Receivable owned by Debtor and its subsidiaries pursuant to the terms of the Summary Agreement attached to the Motion as Exhibit A.

Pursuant to the Summary Agreement: (i) RCC shall be entitled to a contingency commission on any and all amounts collected on the Accounts Receivable, whether owned by Debtor or a subsidiary, at the rate of 25% of funds collected on the Accounts Receivable for more than $400 and $100 for funds collected on the Accounts Receivable of $400 or less; and (ii) RCC shall be entitled to reimbursement for reasonable costs and expenses incurred by RCC relating to collection of the Accounts Receivable, including but not limited to travel expenses preapproved by Trustee.

In the Motion, Trustee also requests: (i) authority to settle Accounts Receivable owing by any one customer in any amount in the aggregate of $25,000 or less; and (ii) authority to take such action as is necessary to obtain subsidiary approval of the employment and compensation of RCC consistent with the terms of the Summary Agreement.

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

//

| | |
|---|---|
| Dated: April 20, 2020 | Respectfully submitted,<br><br>**ONSAGER | FLETCHER | JOHNSON LLC**<br><br>*s/ Joli A. Lofstedt*<br>Joli A. Lofstedt, Esq. #21946<br>1801 Broadway, Suite 900<br>Denver, Colorado 80202<br>Phone: (303) 512-1123<br>Fax: (303) 512-1129<br>joli@OFJlaw.com<br><br>*Counsel for Jeanne Y. Jagow as Chapter 7 Trustee* |

3