## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

### NOTICE OF TRUSTEE'S MOTION FOR AUTHORITY TO FILE BANKRUPTCY FOR CERTAIN OF DEBTOR'S SUBSIDIARIES

### OBJECTION DEADLINE: MAY 27, 2020

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, as chapter 7 Trustee ("Trustee") for the bankruptcy estate of Real Goods Solar, Inc. ("Debtor"), filed Trustee's Motion for Authority to File Bankruptcy for Certain of Debtor's Subsidiaries (the "Motion") with the Bankruptcy Court.

On March 5, 2020, Debtor filed for relief under chapter 7, title 11 of the United States Code. Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of Debtor.

Debtor's original business consisted of the sale and installation of solar energy systems across the continental United States and Hawaii (the "Solar Division"). Debtor's primary customers were homeowners and small commercial building owners in the United States. Debtor and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers.

Throughout the years, Debtor acquired different companies who were in the solar sales and installation business. Trustee is informed and believes that some of the companies were asset acquisitions and some of the acquisitions were stock acquisitions.

Trustee is informed and believes that prior to 2014, Debtor acquired the stock of Alteris Renewables, Inc. ("Alteris"), a Delaware corporation, operating on the east coast. Trustee is further informed and believes that thereafter, Debtor operated its Solar Division on the east coast under Alteris. On Debtor's Schedule A/B, Debtor listed inventory located in Bloomfield, CT in the amount of $420,917.35. Trustee is informed and believes that the inventory and other assets may be the assets of Alteris.

Trustee is further informed and believes that in 2014/2015, Debtor formed RGS Financing, Inc. ("RGS Financing"), a Colorado corporation and wholly-owned subsidiary of the Debtor. Debtor offered a choice to its customers to finance their solar systems with cash, third-party loans, third-party leases or power purchase agreements. RGS Financing was created to provide third-party lease financing from roughly 2014 to 2015. The leases were generally 20-year leases. Debtor

continued to collect on the leases through January or February 2020. Trustee is informed and believes that the lease receivables owed to RGS Financing may be included in the accounts receivable listed by Debtor on Schedule A/B.

Trustee is informed and believes that Debtor acquired Elemental Energy, LLC dba Sunetric ("Sunetric"), a Hawaii limited liability company in 2014 and that thereafter, Debtor operated is Solar Division in Hawaii under Sunetric. On Debtor's Schedule A/B, Debtor listed inventory located in Kailua, HI 96734 in the amount of $314,494.74. Trustee is informed and believes that the inventory and other assets may be assets of Sunetric. Trustee also believes that there may be receivables owed to Sunetric included in Debtor's accounts receivable. Trustee is investigating Sunetric's financing information. Trustee is informed and believes that there are unencumbered assets owned by Sunetric that may be liquidated to pay the debts of Sunetric and possibly reduce potential claims against Debtor's bankruptcy estate. Filing for Chapter 7, will allow the Chapter 7 trustee to liquidate such assets.

In the Motion, Trustee seeks entry of an Order authorizing Trustee to vote the shares of stock for Alteris, RGS Financing, and Sunetric approving the filing of Chapter 7 relief for each of the subsidiaries pursuant to 11 U.S.C. § 363(b)(1).

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: May 6, 2020           Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON LLC**

*s/ Joli A. Lofstedt*
Joli A. Lofstedt, #21946
600 17th Street, Suite 425N
Denver, Colorado 80202
Ph: (720) 457-7064
joli@OFJlaw.com

*Counsel for Jeanne Y. Jagow
as Chapter 7 Trustee*