**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**NOTICE OF MOTION TO APPROVE SETTLEMENT AGREEMENT WITH DENVER LANDLORD TO: (i) REJECT DENVER LEASE PURSUANT TO 11 U.S.C. § 365(a) AND FED. R. BANKR. P. 6006(a); (ii) CONVEY FURNITURE AND PHONE SYSTEM TO LANDLORD FREE AND CLEAR OF ENCUMBRANCES; and (iii) ALLOW LANDLORD'S ADMINISTRATIVE CLAIM**

**OBJECTION DEADLINE: JUNE 19, 2020**

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Real Goods Solar, Inc. ("Debtor") filed a Motion to Approve Settlement Agreement with Denver Landlord to: (i) Reject Denver Lease Pursuant to 11 U.S.C. § 365(a) and Fed. R. Bankr. P. 6006(a); (ii) Convey Furniture and Phone System to Landlord Free and Clear of Encumbrances; and (iii) Allow Landlord's Administrative Claim (the "Motion") with the Bankruptcy Court. The Motion seeks approval of an Agreement with Denver Landlord (the "Agreement"). A copy of the Agreement is attached to the Motion as Exhibit A.

Debtor leased the Denver Office Space from Petroleum Building, LLC, a Colorado limited liability company (the "Landlord") pursuant to a Lease Agreement dated August 10, 2016 (the "Lease"). The Lease terminates March 31, 2022. The Lease was triple net with current monthly base rent of $21,834.75. On the Petition Date, Debtor owned furniture, fixtures, and phone system(s) that were still located at the Denver Office Space and in sub-basement storage area (collectively, the "Assets"). Pursuant to Bankruptcy Code § 541, upon filing bankruptcy the Assets became property of the bankruptcy estate.

A search of the Colorado Secretary of State website showed a UCC financing statement filed by Argonaut Insurance Company ("Argo") asserting a security interest in the items referred to in a General Indemnity Agreement. The General Indemnity Agreement refers to a surety reserve that may be held by the surety as collateral security on the bond. Trustee disputes that Argo has a security interest in the Assets located at the Denver Office Space and therefore, certain of the Assets may be conveyed to Landlord free and clear of any liens or encumbrances.

After ongoing discussions, Trustee and Landlord have entered into the Agreement which will resolve the Landlord's claim for post-petition rent and rejection of the Lease. Pursuant to the Agreement: (i) Trustee will convey the Assets still located in the Denver Office Space or in the sub-basement storage area to Landlord; (ii) the Landlord shall have an allowed administrative

claim for post-petition rent in the amount of $20,000.00. Trustee shall be allowed to pay Landlord's allowed post-petition rent claim as sufficient funds become available. Landlord waives any other administrative claim for use of the Denver Office Space or the sub-basement storage space after the Petition Date. Landlord may file an unsecured claim for other damages under the Lease for other defaults or rejection of the Lease as limited by 11 U.S.C. §502(b)(6); (iii) the Lease shall be deemed rejected as of the date of the Agreement; (iv) the Landlord shall be entitled to apply the security deposit to its claim for damages based on rejection of the Lease; and (v) the Landlord shall grant Trustee and/or Dickensheet & Associates, Inc. access to the Denver Office Space and to the sub-basement storage area to remove any computer equipment, electronics and other assets not being conveyed to Landlord.

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: May 29, 2020                                                    Respectfully submitted,

                                                                                                           **ONSAGER | FLETCHER | JOHNSON LLC**

                                                                                                           *s/ Joli A. Lofstedt*
                                                                                                           Joli A. Lofstedt, #21946
                                                                                                           Charles R. Scheurich, #47556
                                                                                                           600 17th Street, Suite 425N
                                                                                                           Denver, Colorado 80202
                                                                                                           Ph: (720) 457-7064
                                                                                                           joli@OFJlaw.com
                                                                                                           cscheurich@OFJlaw.com

                                                                                                           *Counsel for Jeanne Y. Jagow*
                                                                                                           *as chapter 7 Trustee*