# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

## MOTION TO REJECT TRANSPORTATION MANAGEMENT AGREEMENT WITH VENTURE GLOBAL SOLUTIONS

Jeanne Y. Jagow, as chapter 7 Trustee for the bankruptcy estate of Real Goods Solar, Inc. ("Trustee"), through undersigned counsel, hereby files this Motion to Reject Transportation Management Agreement with Venture Global Solutions (this "Motion"). In support hereof, Trustee states as follows:

## BACKGROUND

1. On March 5, 2020, Real Goods Solar, Inc. ("Debtor") filed for bankruptcy relief under Chapter 7, title 11 of the United States Code.

2. Trustee is the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Debtor.

3. Debtor is a Colorado corporation with its corporate headquarters located at 110 16th Street, Fl. 3, Denver, CO 80202. Debtor's original business consisted of the sale and installation of solar energy systems across the continental United States and Hawaii (the "Solar Division"). Debtor's primary customers were homeowners and small commercial building owners in the United States. Debtor and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers.

4. On or around December 14, 2018, Debtor executed a Transportation Management Agreement (the "Agreement") with Venture Global Solutions ("VGS"), pursuant to which VGS agreed to provide two types of services: "transportation management" and "value-added" service. A copy of the Agreement is attached as **Exhibit 1** and a copy of the Amendment to the Agreement is attached as **Exhibit 2**.

5. According to the Agreement, "transportation management" services included network design, procurement, carrier management, order management, tendering, event management, exception management, freight bill audit and payment, key performance indicators and logistics reporting for inbound raw materials and outbound finished goods.

6. Also according to the Agreement, "value-added services" included warehousing, kitting, and order fulfillment services.

7. The term of the Agreement was 36 months, and it expires in December 2021.

8. Pursuant to the Agreement, Debtor was obligated to pay VGS pursuant to the Rates and Charges document attached to the contract as Exhibit B and pursuant to the Amendment to the Agreement attached hereto as **Exhibit 2**.

9. By this Motion, Trustee seeks entry of an order rejecting the Agreement and any contract or agreement for services between Debtor and VGS.

## LEGAL AUTHORITY AND ARGUMENT

10. Pursuant to 11 U.S.C. § 365(a), "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

11. The Bankruptcy Code does not define the term "executory contract." The widely accepted definition of the term is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Johnson v. Smith* (*In re Johnson*), 501 F.3d 1163, 1174 (10th Cir. 2007) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)) (internal quotation marks omitted).

12. In determining whether an executory contract or unexpired lease should be rejected, courts are deferential to the Debtor's business judgment. *See In re Tilco, Inc.*, 558 F.2d 1369, 1372 (10th Cir. 1977).

13. The Agreement is executory because VGS is obligated to provide services to Debtor and Debtor is obligated to pay VGS for such services.

14. Trustee, exercising her business judgment, has determined that it is in the best interests of the estate to reject the Agreement. Debtor's business is not operating and the Agreement is no longer necessary for business operations or wind down efforts.

15. Accordingly, Trustee seeks Court authority to reject the Agreement, effective as of the date of filing this Motion.

//
//

**WHEREFORE**, Trustee respectfully requests that the Court enter an Order (i) granting this Motion; (ii) authorizing Trustee to reject the Agreement, effective as of the date of filing this Motion; and (iii) for such other and further relief as the Court deems just and proper.

Dated: July 16, 2020

Respectfully submitted

**ONSAGER | FLETCHER | JOHNSON LLC**

*s/ Gabrielle G. Palmer*
Joli A. Lofstedt, #21946
Gabrielle G. Palmer, #48948
600 17th Street, Suite 425N
Denver, Colorado 80202
Ph: (720) 457-7064
joli@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Jeanne Y. Jagow*
*as chapter 7 Trustee*