**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**NOTICE OF MOTION TO REJECT TRANSPORTATION MANAGEMENT AGREEMENT WITH VENTURE GLOBAL SOLUTIONS**

**OBJECTION DEADLINE: JULY 30, 2020**

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Real Goods Solar, Inc. ("Debtor") filed a Motion to Reject Transportation Management Agreement with Venture Global Solutions (the "Motion") with the Bankruptcy Court.

Debtor's original business consisted of the sale and installation of solar energy systems across the continental United States and Hawaii (the "Solar Division"). Debtor's primary customers were homeowners and small commercial building owners in the United States. Debtor and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers.

On or around December 14, 2018, Debtor executed a Transportation Management Agreement (the "Agreement") with Venture Global Solutions ("VGS"), pursuant to which VGS agreed to provide two types of services: "transportation management" and "value-added" service. A copy of the Agreement is attached to the Motion as Exhibit 1 and a copy of the Amendment to the Agreement is attached as Exhibit 2. According to the Agreement, "transportation management" services included network design, procurement, carrier management, order management, tendering, event management, exception management, freight bill audit and payment, key performance indicators and logistics reporting for inbound raw materials and outbound finished goods. Also according to the Agreement, "value-added services" included warehousing, kitting, and order fulfillment services.

The Agreement is executory because VGS is obligated to provide services to Debtor and Debtor is obligated to pay VGS for such services. Trustee, exercising her business judgment, has determined that it is in the best interests of the estate to reject the Agreement. Debtor's business is not operating and the Agreement is no longer necessary for business operations or wind down efforts. Accordingly, in the Motion, Trustee requests authority to reject the Agreement, effective as of the date of the filing of the Motion.

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: July 16, 2020

Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON LLC**

*s/ Gabrielle G. Palmer*
Joli A. Lofstedt, #21946
Gabrielle G. Palmer, #48948
600 17th Street, Suite 425N
Denver, Colorado 80202
Ph: (720) 457-7064
joli@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Jeanne Y. Jagow
as chapter 7 Trustee*

4827-6565-2669.1