**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| REAL GOODS SOLAR, INC. | ) Case No. 20-11590-TBM |
| EIN: 26-1851813 | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**NOTICE OF TRUSTEE'S COMBINED MOTION SEEKING:**

**(A)  APPROVAL OF SETTLEMENT AGREEMENT WITH LANDLORD AND FOR ENTRY OF ORDER REJECTING BLOOMFIELD, CT LEASE;**

**(B)  AUTHORITY TO:**
**(i)  SELL PERSONAL PROPERTY BY PUBLIC AUCTION FREE AND CLEAR OF LIENS;**
**(ii)  EMPLOY AND COMPENSATE AUCTIONEER; AND**
**(iii) PAY ANY PERSONAL PROPERTY TAX LIENS FROM AUCTION PROCEEDS; AND**

**(C) FOR ENTRY OF ORDER SUSPENDING 14-DAY STAY IMPOSED BY OPERATION OF FED.R.BANK.P. 6004(h)**

**OBJECTION DEADLINE: SEPTEMBER 8, 2020**

**YOU ARE HEREBY NOTIFIED** that Jeanne Y. Jagow, Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate of Real Goods Solar, Inc. ("RGS") and the bankruptcy estate of Alteris Renewables, Inc. ("*Alteris*") filed a motion seeking an order: (A) approving a settlement agreement entered into with the landlord for the Bloomfield, CT office and warehouse space; (B) authorizing Trustee to: (i) sell personal property of located at the Bloomfield, CT lease space by public auction free and clear of liens pursuant to 11 U.S.C. §§ 363(b) and (f); (ii) employ an auctioneer to sell the personal property by public auction pursuant to 11 U.S.C. 327(a) and Fed. R. Bankr. P. 2014 and compensate the auctioneer pursuant to 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016 from the auction proceeds; and (iii) pay any unpaid personal property tax liens on the assets; and (C) for entry of an Order suspending the 14-day stay imposed pursuant to Fed. R. Bankr. P. 6004(h) (the "Motion") with the Bankruptcy Court. The Motion seeks approval of an Agreement with FJS Family, LLC (the "*Landlord Agreement*"). A copy of the Landlord Agreement is attached to the Motion as **Exhibit A**.

On March 5, 2020, RGS filed for bankruptcy relief under chapter 7, title 11 of the United States Code, 20-11590-TBM (the "*RGS Bankruptcy*").

Trustee is the duly appointed and acting chapter 7 trustee of the bankruptcy estate of RGS.

RGS is a Colorado corporation with its corporate headquarters previously located at 110 16th Street, Fl. 3, Denver, CO 80202. RGS's original business consisted of the sale and installation of solar energy systems across the continental United States and Hawaii (the "*Solar Division*"). RGS's primary customers were homeowners and small commercial building owners in the United States. RGS and its subsidiaries offered turnkey solar services, including design, procurement, permitting, build-out, grid connection, financing referrals and warranty work for its customers.

Trustee is informed and believes that, prior to 2014, RGS acquired 100% of the outstanding stock of Alteris, a solar sale and installation company operating on the east coast. Trustee is further informed and believes that, thereafter, RGS operated its Solar Division on the east coast through Alteris.

Alteris leased office and warehouse space located at 420 Woodlawn Ave, Bloomfield, CT 06002 (the "*Business Premises*") from FJS Family, LLC (the "*Landlord*") pursuant to a Lease agreement and Lease Amendment and Extension dated January 8, 2020 (the "*Lease*"). The Lease is triple net with monthly base rent of $5,225. The Lease is set to terminate on November 30, 2020. On March 13, 2020, the State of Connecticut Superior Court issued a judgment awarding possession of the Business Premises to Landlord.

On its Statement of Financial Affairs and Schedules A/B, RGS listed inventory, furniture, fixtures and equipment located at Business Premises as assets of RGS with a value of $420,917.35 (the "*Assets*").

Alteris ceased operating at approximately the same time as RGS. Because of the COVID pandemic the Assets have remained at the Business Premises.

On June 23, 2020, the Bankruptcy Court entered an order authorizing Trustee to file a related Chapter 7 bankruptcy case for Alteris in the United States District Court for the District of Colorado. Thereafter, on July 20, 2020, Alteris filed for bankruptcy relief under chapter 7, title 11 of the United States Code, 20-14913-TBM. Trustee was appointed the Chapter 7 trustee of the bankruptcy estate of Alteris.

Although a wholly-owned subsidiary, Trustee is informed and believes that RGS operated Alteris as a division of its Solar Division rather than as separate, distinct business based on the fact that RGS did not maintain separate books and records for Alteris; the employees were employees of RGS; Alteris did not have separate bank accounts; Alteris did not observe corporate formalities and or elect separate officers and the entities filed consolidated tax returns and financial statements. Trustee is informed and believes that sales on the east coast were booked as sales/accounts receivable of RGS and that operating expenses of Alteris were paid by RGS. Therefore, Trustee is informed and believes that the Assets are owned by RGS rather than Alteris.

Pursuant to 11 U.S.C. §704, Trustee is charged with collecting and reducing the non-exempt personal property of the estate to money. Section 363(b) of the Bankruptcy Code provides that Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. In the Motion, Trustee is seeking authority to sell the Assets in

accordance with § 363(b) by public auction(s) to be conducted by the auctioneer pursuant to the terms and conditions set forth below.

A search of the Delaware Secretary of State website shows a UCC financing statement filed by Solar Solutions and Distribution, LLC ("*SSD*") asserting a security interest in all of Alteris' property. Trustee has been in contact with SSD and is informed and believes that the underlying debt to SSD has been paid in full.

A search of the Colorado Secretary of State website shows two UCC Financing Statements that have not been terminated. One UCC Financing Statement was filed by Argonaut Insurance Company ("*Argonaut*") asserting a security interest in a surety reserve established pursuant to a General Indemnity Agreement between RGS and Argonaut, a copy of which was attached to the Argonaut UCC Financing Statement.

The second UCC Financing Statement was filed by Revere Plastics Systems, LLC ("*Revere Plastics*") on January 20, 2020 within 90 days immediately prior to RGS' bankruptcy filing. Trustee asserts Revere Plastics security interest is subject to avoidance and recovery for the benefit of the bankruptcy estate under 11 U.S.C. §547(b) and therefore in dispute. Pursuant to 11 U.S.C. §363(f)(4), Trustee may sell the Assets free and clear of any lien in bona fide dispute.

Because the Assets are still located at the Business Premises, the Landlord has been unable to release the Business Premises. After ongoing discussions, Trustee and the Landlord have entered into an agreement that will allow Trustee to leave the Assets at the Business Premises pending an online auction in exchange for the allowance and payment of an administrative expense claim in the amount of $10,500 for storage of the Assets for use of the Business Premises to continue to store the Assets. Trustee will pay the Landlord's allowed administrative expense claim from the auction proceeds. Trustee shall have access to the Business Premises to conduct the online auction and to allow successful bidders to pick-up purchased Assets. The Landlord Agreement further provides that the Lease will be deemed rejected and Trustee will surrender the Business Premises to the Landlord no later than September 30, 2020. Landlord waives any other administrative expense claim for use of the Business Premises. However, Landlord may file an unsecured claim for other damages under the Lease for defaults or rejection of the Lease as limited by 11 U.S.C. §502(b)(6).

Trustee asserts the Landlord Agreement is fair and reasonable and in the best interests of the estate. The Landlord Agreement provides for sale of the Assets to minimize costs associated with moving and storing such Assets and resolves any rent or disputes with the Landlord for use of the Business Premises.

Trustee seeks to employ Hamilton Group, LLC ("*Hamilton*") as the auctioneer pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 to conduct an online auction of the Assets located on the Business Premises.

Trustee previously filed an application to employ Hamilton on an hourly basis to secure and inventory the Assets located at the Business Premises, which was approved by the Court on April 2, 2020. Hamilton has incurred $440.00 in fees and expenses to secure and inventory the Assets. Trustee is seeking authority to pay these fees and expenses from the proceeds of sale.

The proposed general terms of the online public auction of the Assets (the "*Auction*") are:

a) The Assets will remain at the Business Premises and Trustee intends to conduct an online auction commencing on September 1, 2020 and concluding on September 17, 2020.

b) The successful purchaser will be required to pay its bid price online and pick up the purchased Asset from the Business Premises no later than seven days following conclusion of the online auction. If the successful purchaser has paid the bid price in full but fails to pick up the purchased asset within the seven day period or if a successful purchaser fails to pay the bid price in full, Hamilton will use its best efforts to move such purchased Asset to its warehouse located at located at 36 Killingworth Turnpike (Route 81) Clinton, CT 06413 (the "Warehouse") and may charge the successful purchaser an additional cost for moving such purchased Asset.

c) If Assets are not sold during the online auction, Trustee is requesting that Hamilton use its best efforts to determine which unsold Assets have value and move such unsold Assets to the Warehouse to be sold at one of Hamilton's general auctions. For those Assets determined to have minimal value, Trustee shall be deemed to have abandoned such Assets.

d) Trustee will surrender the Business Premises to Landlord as soon as the Assets have been removed or abandoned but in no event later than September 30, 2020.

e) Interested parties may contact Hamilton at telephone number 860-552-4609 or visit Hamilton's website at (www.hamilton-grp.com) to confirm the Auction dates and possible dates to inspect the Assets prior to the Auction.

Hamilton is an experienced auctioneer in the Connecticut area. Subject to the supervision and further order of this Court, Hamilton will perform the following services:

(a) Prepare the Assets for sale;

(b) Advertise the Assets for sale and advertise the date, time and place of the live and online auctions;

(c) Conduct the live or online public auctions;

(d) Collect and remit all proceeds of sale to Trustee;

(e) Account for and pay all sales taxes due as a result of such sales; and

(f) Prepare and file a report of sale after the sale showing the name of the purchaser and the sales price of each asset.

4

Trustee requests authority to pay to Hamilton a fifteen percent (15%) commission on the gross proceeds received from sale of the Assets. For the online auction, Hamilton intends to charge a six percent (6%) buyer's premium to the successful purchaser.

The Trustee intends to reimburse Hamilton for all actual and necessary costs and expenses incurred in the process of preparing the Assets for sale and selling such assets. In addition, Trustee is requesting authority for Hamilton to charge the successful purchaser for any additional costs to move a purchased Asset or if not paid by the successful purchaser, Trustee is seeking authority to reimburse Hamilton for such costs.

To the best of the Trustee's knowledge, Hamilton is a disinterested person and does not hold or represent an interest adverse to the Trustee or the estate. Hamilton does not have any connection with the Trustee, Debtor, the creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; except that Hamilton was previously employed to secure and inventory the Assets.

Trustee requests that the Court suspend the 14-day stay under Fed.R.Bankr.P. 6004(h).

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: August 18, 2020                                         Respectfully submitted,

                                                               **ONSAGER | FLETCHER | JOHNSON LLC**

                                                               *s/ Joli A. Lofstedt*
                                                               Joli A. Lofstedt, #21946
                                                               Charles R. Scheurich, #47556
                                                               600 17th Street, Suite 425N
                                                               Denver, Colorado 80202
                                                               Ph: (720) 457-7064
                                                               joli@OFJlaw.com
                                                               cscheurich@OFJlaw.com

                                                               *Counsel for Jeanne Y. Jagow*
                                                               *as chapter 7 Trustee*